

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| M. STANLEY SLOAN, | ) | |
| | ) | No. 33602-6-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LEONARD HAMILTON, and RUTH | ) | UNPUBLISHED OPINION |
| HAMILTON, husband and wife; and | ) | |
| LRH, LLC, a WASHINGTON LIMITED | ) | |
| LIABILITY COMPANY, | ) | |
| | ) | |
| Respondents. | ) | |

SIDDOWAY, J. — Stanley Sloan appeals the summary judgment dismissal of his

claims for relief against a former friend, the friend's wife, and their family limited

liability company, arising after they asserted ownership of real property that Mr. Sloan

claims they were holding in trust. The defendants asserted the statute of limitations as a

defense, and reasonable minds could not differ: the claims are time-barred. We affirm.

FACTS AND PROCEDURAL BACKGROUND

Because we are reviewing a summary judgment disposition, we view the facts in

the light most favorable to Mr. Sloan. In October 2004, he was incarcerated and served

two years in prison. While incarcerated, he asked his longtime friend, Leonard Hamilton,

to serve as his attorney in fact and manage a duplex that Mr. Sloan owned in Spokane Valley.

Howard Herman, a lawyer who had represented Mr. Sloan's parents and had known Mr. Sloan for over 40 years, agreed to help Mr. Hamilton with the management of Mr. Sloan's affairs, including to help raise money to pay off liens against the duplex property and to finance Mr. Sloan's criminal appeal. In 2005, Mr. Sloan, Mr. Hamilton and Mr. Herman agreed that funds for these purposes would be raised by transferring title to the duplex to Mr. Herman so that he could get a loan to apply to Mr. Sloan's expenses. Mr. Sloan's own credit would not support a loan at the time.

Mr. Hamilton relied on his power of attorney to execute a warranty deed transferring title to the duplex to Mr. Herman and his wife in August 2005. The duplex was used as collateral for a $67,000 loan. Proceeds of the loan were used to reimburse Mr. Herman for his payment of liens against the duplex property and to reimburse Mr. Hamilton and his wife Ruth for expenses they had incurred on Mr. Sloan's behalf. The remainder was placed in an account at Bank of America and was used by Mr. Hamilton to pay Mr. Sloan's expenses.

The Hamiltons had a limited liability company, LRH, LLC, that managed the duplex for Mr. Herman. Renters lived in the duplex while Mr. Sloan was incarcerated. The rent from the duplex was applied to payments on the loan that the Hermans had taken out for Mr. Sloan.

Mr. Sloan was released from prison in October 2006. On January 1, 2008, he signed a lease for the duplex that identified himself as the lessee and LRH, LLC as the lessor. The original term of the lease was for 12 months, with a month to month tenancy thereafter. It provided for rental payments of $400 a month.

Six months into the original term of the lease, on July 10, 2008, the Hermans transferred title to the duplex to the Hamiltons, in exchange for which the Hamiltons paid off the remaining $65,000 principal on the loan the Hermans had taken out to assist Mr. Sloan. According to Mr. Herman, he and his wife decided they didn't want to hold title to the duplex any longer, because if they were to pass away, Mr. Sloan's duplex would mistakenly end up as part of their estates. Mr. Sloan was aware of the sale and raised no objections.

Mr. Hamilton concedes that on acquiring the property, he agreed Mr. Sloan had an option to repurchase it for the amount the Hamiltons had invested in it. And Mr. Hamilton provided Mr. Sloan with a letter he needed in July 2009 to demonstrate his interest in the property to Spokane County Utilities. Mr. Hamilton's letter stated that Mr. Sloan had "a substantial financial ownership interest in the property . . . in the form of a lease with option to purchase." Clerk's Papers (CP) at 416.

Mr. Sloan stopped paying rent to LRH in 2009. On March 26, 2010, Mr. Hamilton sent a letter to Mr. Sloan notifying him that he had not paid rent since October 1, 2009 and that effective May 1, 2010, the duplex would be put on the market for sale.

3

Approximately 10 days later, on April 7, 2010, Mr. Sloan recorded a document entitled "Notice of Ownership," identifying Mr. Hamilton as "grantor" and himself as "grantee." CP at 59. On April 19, 2010, he recorded a notice of revocation of the power of attorney held by Mr. Hamilton.

In August 2010, the Hamiltons initiated unlawful detainer proceedings against Mr. Sloan. A return of service indicates that an eviction summons, a complaint for unlawful detainer and other related pleadings were personally served on Mr. Sloan on August 27, 2010.

On September 3, 2010, Mr. Sloan filed for bankruptcy in an apparent attempt to avoid eviction. On September 7, 2010, he filed a declaration "Opposing Rent Claim" in the unlawful detainer action, in which he explained the reason for the earlier transfer of title, disputed that "any money is due the Plaintiffs as 'rent'" but admitted that the Hamiltons "are entitled to reimbursement for all expenses they have paid . . . until I am able to refinance the property and return title to my own name." CP at 357-58. He contended that the fair market value of the duplex was "approximately $350,000.00." *Id.*

On November 4, 2010, on the bankruptcy trustee's motion, Mr. Sloan's bankruptcy proceeding was dismissed.

A declaration of service indicates that an amended eviction summons and amended complaint were mailed to Mr. Sloan on November 18, 2010. A sheriff's return of service indicates that on December 1, 2010, at 10:00 a.m., the Spokane County

Sheriff's office served a "Writ of Restitution; Request for Storage of Personal Property" by posting it on the duplex premises. CP at 311. The return of service indicates that Mr. Sloan was evicted from the duplex on December 7, 2010.

Three years and two days later, on December 9, 2013, Mr. Sloan commenced this action against the Hamiltons and LRH, asserting claims for ejectment, to quiet title, for unjust enrichment, for violation of RCW 59.18.380, for breach of fiduciary duty, and for an accounting. He characterizes his complaint as also asserting claims for constructive trust, equitable mortgage, and conversion.

The defendants moved for summary judgment, arguing that all of Mr. Sloan's claims were subject to a three-year statute of limitations and all were time-barred, since he was on notice of the Hamiltons' assertion of ownership by no later than March 26, 2010. In opposing the motion, Mr. Sloan relied in part on a declaration from Mr. Herman, who testified that while title was in his name, he always viewed himself as holding title to the duplex in part as security for the loan he had obtained for Mr. Sloan's benefit, and with any remainder in trust for Mr. Sloan. Answering the argument that Mr. Sloan's claims were time-barred, Mr. Sloan's lawyer argued to the court that it was not until Mr. Sloan was evicted on December 7, 2010, that his client "realizes this is real." Report of Proceedings at 51.

5

No. 33602-6-III
*Sloan v. Hamilton, et al.*

The court rejected Mr. Sloan's argument that his causes of action had not accrued before December 9, 2010, and granted summary judgment. His motion for reconsideration was denied. Mr. Sloan appeals.

ANALYSIS

We review summary judgment decisions de novo, performing the same inquiry as the trial court. *Hisle v. Todd Pac. Shipyards Corp.*, 151 Wn.2d 853, 860, 93 P.3d 108 (2004). We view all facts and reasonable inferences from the facts in a light most favorable to the nonmoving party. *Jones v. Allstate Ins. Co.*, 146 Wn.2d 291, 300, 45 P.3d 1068 (2002). Summary judgment is appropriate where there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c).

"A cause of action accrues and the statute of limitations begins to run when a party has the right to apply to a court for relief." *O'Neil v. Estate of Murtha*, 89 Wn. App. 67, 69-70, 947 P.2d 1252 (1997). Stated differently, it "accrues when a claimant knows, or in the exercise of due diligence should have known, all the essential elements of the cause of action." *G.W. Const. Corp. v. Prof'l Serv. Indus., Inc.*, 70 Wn. App. 360, 366-67, 853 P.2d 484 (1993). What a person knew or should have known at a given time is a question of fact, but it can be resolved by summary judgment if the evidence is undisputed or reasonable minds cannot differ. *Gillespie v. Seattle-First Nat'l Bank*, 70 Wn. App. 150, 170, 855 P.2d 680 (1993).

6

The parties agree that a three-year statute of limitations applies to all of Mr.

Sloan's claims. *See* Br. of Appellant at 26; Br. of Resp't at 12-13. It is undisputed that

between March 26, 2010, and December 7, 2010, all of the following occurred: Mr.

Hamilton's demand for rent was mailed and received, Mr. Sloan's notice of ownership

and revocation of power of attorney were filed, the unlawful detainer action was

commenced and served, Mr. Sloan's declaration "Opposing Rent Demand" and

bankruptcy were filed, and the unlawful detainer action was continued and the eviction of

Mr. Sloan was completed. All of those events occurred more than three years before the

action below was commenced.

The only issue that remains is whether reasonable minds could differ on whether,

given all of these events, Mr. Sloan's causes of action accrued before December 9, 2010.

All claims other than Mr. Sloan's conversion claim are predicated on the fact that the

Hamiltons exercised a right to ownership to the duplex when Mr. Sloan contends they

had no more than a right to be reimbursed for expenses. Even without exercising due

diligence, Mr. Sloan knew or should have known that the Hamiltons were exercising a

right to ownership of the duplex more than three years before he commenced the action

below.

The conversion claim alleges that in evicting Mr. Sloan, the Hamiltons exercised

control over and refused to return some of his "chattel property." CP at 16. He

speculates that they might not have exercised that control or disposed of his personal

No. 33602-6-III
*Sloan v. Hamilton, et al.*

belongings on December 7, 2010, the day he was evicted, but committed the wrongdoing sometime after December 9, 2010, instead. To avoid summary judgment, however, Mr. Sloan was required to present facts that are based on personal knowledge and admissible in evidence. CR 56(e). The single conclusory paragraph of Mr. Sloan's declaration that touches on his conversion of personal property claim does not present admissible factual information, based on personal knowledge, that any conversion of personal property took place after December 9, 2010.

The judgment dismissing the claims is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Siddoway, J.
Siddoway, J.

WE CONCUR:

Pennell, A.C.J.

Fearing, J.

8